Peck, J.
delivered the opinion of the court.
The writ and declaration are for a sum within the jurisdiction of the circuit court, but upon the trial before a jury, a verdict was rendered for a sutn less than fifty dollars, and the judgment has been arrested.
This is erroneous; by the act of 1803, ch. 5, sec. 2, it is provided; that if any suit shall be brought in the county court for a less sum than fifty dollars, said suit shall abate on the plea of defendant. It is always presumable that the sum in dispute is as well known to the defendant as to the plaintiff. If, therefore, the defendant knows the action is brought for a sum under the jurisdiction of the court, no matter what may be the sum laid in the writ and declaration, he has the right to *477 put the question of jurisdiction in issue by a plea in abatement, resting the point upon the sum in dispute. This not having been done and the writ and declaration showing jmima facie a cause of action for a sum properly within the jurisdiction, and the matter in abatement having been waived, it was too late to take advantage of the question of jurisdiction, when it had been discovered by the verdict that the sum was under the jurisdiction.
The question made by the defendant in error in the brief as to the manner of bringing up the cause into this court, can avail him nothing. The writ of error, whether we consider it here under the fiat of the judge, or in virtue of the appeal prayed and granted, is well before us. One of the forms of bringing it up was good, and it is not material to inquire which was the most correct one to have pursued. The judgment is therefore reversed, and this court proceeding to give such judgment as the circuit court should have rendered, give a judgment to the plaintiff on the verdict.
Judgment reversed.